**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **3:00-CR-478-L** |
| | ) | **(3:05-CV-0389-L)** |
| **GARY JOHN BELLINGER, #24393-077,** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Statement of the Case: Movant pled guilty pursuant to a plea agreement to mail fraud in violation of 18 U.S.C. § 1341 (the third count in an eight-count superseding indictment). On January 6, 2003, the District Court sentenced him to 41 months imprisonment, a three-year term of supervised release, and restitution in the amount of $2,040,268.35. United States v. Bellinger, 3:00cr478-L (N.D. Tex., Dallas Div.). The remaining counts were dismissed on the government's motion. Movant did not appeal.

On February 24, 2005, Movant filed this § 2255 motion alleging ineffective assistance of counsel. Specifically he asserts that counsel failed to "properly object" at sentencing to the

enhancement of his sentence -- i.e., the restitution amount, the twelve point increase in Movant's total offense level, and the two-point increase for more than minimal planning -- under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).  (<u>See</u> § 2255 Mot. at 2 and 3, and Memorandum in Support at 7-12).  He further asserts that counsel was ineffective in failing to perfect a direct appeal raising the above claims.  (<u>Id.</u>).

In response to this court's order, the government filed a response to which Movant filed a reply.  In his reply, Movant relies for the first time on <u>United States v. Booker</u>, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), which extended <u>Blakely</u> to the United States Sentencing Guidelines.

<u>Findings and Conclusions:</u>   The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under § 2255.  <u>See</u> 28 U.S.C. §§ 2255.  Movant's sole explanation for the untimely filing of this § 2255 motion is that the primary cases upon which he relies, <u>Booker</u> and <u>Blakely</u>, were only recently decided.  For the reasons discussed below, the court concludes that <u>Booker</u> does not apply retroactively to already-final judgments and, therefore, Movant's § 2255 motion is untimely under the "AEDPA".

The Fifth Circuit recently held in the context of a second or successive motion under § 2255 that the United States Supreme Court did not make <u>Booker</u> retroactively applicable to cases on collateral review.  <u>See</u> <u>In re Elwood</u>, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam). While the Fifth Circuit has not yet addressed the applicability of <u>Booker</u> to a first § 2255 motion, the circuits that have considered the question have determined that the <u>Booker</u> decision is not

retroactive to collateral review cases. See Guzman v. United States, 404 F.3d 139, 141-44 (2nd Cir. 2005), pet. for cert. filed, No. 05-5187 (Jul. 5, 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005), pet . for cert. filed No. 05-5130 (May 17, 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir), cert. denied, 125 S. Ct. 2559 (2005).  Therefore, in light of the Fifth Circuit's decision in In re Elwood and the persuasive authority of the unanimous decisions of the other circuits that have considered the issue, the District Court should find that Booker is not retroactively applicable to an initial § 2255 motion, such as the one at issue in this case.

Under the AEDPA, the one-year period is calculated from the latest of either (1) the date on which the judgment of conviction became final; (2) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (3) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2255.

Movant has alleged no impediment created by government action under subparagraph (B) that prevented him from filing this § 2255 motion.  While he bases his § 2255 motion on a newly recognized constitutional right under subparagraph (C) -- i.e., the decisions in Booker and Blakely -- that right, as noted above, has not been made retroactively applicable to cases on collateral review.  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant § 2255 motion became known or could have become

3

known prior to the date Movant's judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2255.

Movant's conviction became final on January 24, 2003, the last day on which he could have appealed to the Fifth Circuit Court of Appeals the judgment of conviction entered on January 9, 2003. See Fed. R. App. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").[1] The one-year period began to run on January 25, 2003, and expired on January 24, 2004. Movant did not file this § 2255 motion until February 24, 2005, more than one-year after the expiration of the one-year period.[2] Therefore, Movant's § 2255 motion is clearly untimely.

Insofar as Movant requests equitable tolling of the limitation period, his request should be denied. Neither the § 2255 motion nor the response to this court's order to show cause presents "rare and exceptional circumstances" warranting equitable tolling, United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), and that Movant diligently pursued his rights, United

---

[1] Although Movant was sentenced on January 6, 2003, the judgment of conviction was not filed and entered on the docket until January 9, 2003. The court has relied on the latter date in calculating the ten-day period for appeal purposes under Fed. R. App. P. 4(b)(1)(A).

[2] Pursuant to United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (citing Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a § 2255 motion is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Movant failed to include the date on which he signed his § 2255 motion. (See § 2255 Mot. at 10). Therefore, absent additional information, the court is bound by the filing date of February 24, 2005.

4

States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).  Nor does the record discloses any basis for equitable tolling.  Insofar as Movant asserts that he could not previously file claims based on Booker, because that case was not decided until January 12, 2005, the court finds his argument unavailing.  As discussed above, this Court concludes that Booker is not retroactive to judgments (such as Movant's) that were already final before that opinion's release.  The court further finds that Movant has failed to demonstrate that he relied to his detriment on any affirmative, but incorrect representation by the court, or that any party obstructed his attempts to obtain habeas relief.  The court therefore concludes that Movant has not shown, as it is his burden to do, that he is entitled to equitable tolling of the AEDPA's limitation period. The Court will accordingly dismiss his claims with prejudice as untimely.[3]

---

[3] The magistrate judge expresses no opinion on the merits of any § 2255 motion which may be subsequently filed by Movant in the event that at some time in the future Booker is found to be retroactively applicable to collateral proceedings.  However, it is noted that in Dodd v. United States, --- U.S. ----, 125 S. Ct. 2478, --- L.Ed.2d---- (2005), the United States Supreme Court held that the one year limitations period runs from the date on which the Supreme Court initially recognized the right asserted rather than the date on which it was first recognized as being applicable retroactively to cases on collateral review.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 as time barred.

A copy of this order will be mailed to Movant.

Signed August 23, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.