ORIGINAL

Case 3:00-cr-00478-L   Document 142   Filed 09/20/05   Page 1 of 3   PageID 413

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 2 0 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § | Civil Action No. 3:05-CV-0389-L (3:00-CR-478-L) |
| GARY JOHN BELLINGER, 24393-077, § § | |
| Defendant/Movant. § | |

## ORDER

This is a motion to vacate, set aside, or correct sentence brought under 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On August 23, 2005, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed. Movant Gary John Bellinger ("Bellinger" or "Movant") filed Movant's Objections to the Findings, Conclusions and Recommendation of the U.S. Magistrate Judge ("Objections") on September 1, 2005.

Pursuant to a plea agreement, Bellinger pled guilty to mail fraud and was sentenced on January 6, 2003, to 41 months imprisonment, a three-year term of supervised release, and restitution in the amount of $2,040,268.35. On February 24, 2005, Bellinger filed this § 2255 motion alleging ineffective assistance of counsel. Specifically, Bellinger contends that his counsel was ineffective for failing to properly object to and appeal the enhancement of his sentence. In support of his motion, Bellinger relies on *United States v. Booker*, ____ U.S. ____, 125 S.Ct. 738 (2005).

The magistrate judge found that Bellinger's § 2255 motion is untimely as the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year statute of limitations for federal inmates seeking relief under § 2255. *See* 28 U.S.C. § 2255. He also found that

> in light of the Fifth Circuit's decision in *In re Elwood* [, 408 F.3d 211 (5th Cir. 2005) (per curiam)] and the persuasive authority of the unanimous decisions of the other circuits that have considered the issue, the District Court should find that *Booker* is not retroactively applicable to an initial § 2255 motion, such as the one at issue in this case.

Report at 2-3. The magistrate judge concluded, therefore, that the motion should be dismissed pursuant to 28 U.S.C. § 2255 as time barred. Report at 6.

In his Objections, Bellinger contends that the magistrate judge should have considered the merits of his claim instead of relying on a "timeliness argument." Objections at 1. He maintains that his § 2255 motion was timely filed within one year of the *Booker* decision, and that the decision should be retroactively applied to this case. *Id.*

The court rejects Bellinger's objection, given that neither the United States Supreme Court nor the Fifth Circuit has determined whether the Supreme Court's holding in *Booker* should be applied retroactively to cases on collateral review. Therefore, the court agrees with the magistrate judge and overrules Bellinger's objection as premature. The court will dismiss the motion without prejudice. Should the Supreme Court or the Fifth Circuit announce that *Booker* applies retroactively to cases on collateral review, Bellinger will be permitted to file a renewed § 2255 motion. Thus, after making an independent review of the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Bellinger's objections thereto, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court. The court **overrules** Bellinger's objections. Accordingly, Bellinger's

Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Filed Pursuant to Title 28 U.S.C. § 2255 is hereby **denied**, and this action is **dismissed without prejudice** as time barred.

**It is so ordered** this 20th day of September, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order – Page 3